McKinney, J.
delivered the opinion of the court.
This was an action of slander, commenced in the circuit court of White county. The original summons issued on the 12th day of June, 1848, upon which the sheriff of said county made the following return, viz: “The defendant not found in my county. October the 3d, 1848. Jo. Heed, Sheriff.”
At the ensuing term of said court, which began on the 12th day of October, 1848, being the term to which said summons was returnable, on motion of the plaintiff in the action, Robinson, the court awarded a judicial attachment against the estate of the defendant, Welch, directed to the sheriff of said county of White; which was returned to the February term, 1849, of said court, levied upon certain real estate belonging to the defendant. On the return of said attachment, the plaintiff filed his declaration; and the defendant not appearing, judgment by default was entered up against him, at the *265 same term; and a writ of inquiry awarded. At the June term following, the writ of inquiry was executed; and the jury assessed the plaintiff’s damages to five hundred dollars; for which, together with costs of suit, judgment was rendered; to reverse which the defendant has prosecuted ■ a writ of error to this court.
The only point which we regard as deserving of serious consideration in this case, is in respect to the sufficiency of the sheriff’s return to found a judicial attachment upon.
The statute of 1794, ch. 1, sec. 17, provides, that “where the sheriff shall return in any civil action, that the defendant is not to be found within his county, the plaintiff may, at his election, sue out an attachment against the estate of the defendant, or an alias, or pluries until he be arrested,” &c.
In proceedings by attachment, under the act of 1794, great strictness has always been required. These proceedings are in derogation of the common law; they are ex parte in their character, and liable to great abuse; and, therefore, the courts have not felt warranted, by any latitude of construction, or implication, to go beyond the plain words of the statute.
The attachment, whether judicial or original, given by the act of 1794, is an extraordinary process to enforce the defendant’s appearance, in cases, and only in cases, where “ the ordinary process of law cannot be served on him.” In suing out an original attachment, the plaintiff is required to show, by affidavit, among other things, that service of the ordinary process cannot be made upon the defendant; but an application for a judicial attachment, the return of the sheriff upon the original process, as to this fact, is substituted for the *266 plaintiff’s affidavit. The statute has prescribed the precise form of return which shall be necessary to authorize the issuance of the attachment; that the defendant is not to be found. And this is in accordance with the spirit and policy of the law, which contemplated a resort to this extraordinary method of compelling appearance only in cases where the defendant, by his own act, had put it beyond the power of the ministerial officers of the law to serve him personally with process.
The issuance of such attachment, under the act of 1794, is a matter of jurisdiction, the exercise of which must depend upon the existence of a given state of facts, to be certified to the court by the sheriff in his return. What that return shall be, is prescribed in precise terms; the form as well as the substance; consequently, no resort can be had to legal construction, or intendment, in aid of a defective return.
Contrast the return in the present case; “ the defendant not found in my county,” with that required by the statute: “the defendant is not to be found within his county;” and it is apparent that every thing of substance made necessary by the statute, is wanting in the sheriff’s return.
The language of the statute clearly imports that, after diligent inquiry and search by the sheriff, at the usual residence of the defendant and elsewhere, he is not to be found; being either actually absent from the county, ,or having concealed himself so as to evade the service of process. The sheriff’s return upon the summons in .this ease imports no such state of facts. It may be .literally true, and yet the sheriff not have gone out of [h-is .-office to seek the defendant, notwithstanding he may .have been in the county, and subject to be served with *267 process by the exercise of proper diligence. It follows that the attachment and subsequent proceedings in this case, were irregular and void; and the judgment will be reversed and arrested.